NO. 07-02-0233-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 17, 2002



______________________________




MINERVA ARENIVAR, APPELLANT



V.



PROVIDIAN NATIONAL BANK, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW OF MOORE COUNTY;



NO. CL-113-98; HONORABLE DELWIN MCGEE, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Minerva Arenivar appealed from a summary judgment based on a sworn
account entered in favor of appellee Providian National Bank. She filed a timely notice of
appeal on May 20, 2002. However, appellant has now filed a motion in which she asks
this court to dismiss the appeal. 

 Because appellant has complied with the requirements of Rule of Appellate
Procedure 42.1(a)(2), we hereby grant her motion to dismiss. Furthermore, having
dismissed the appeal at appellant's request, no motion for rehearing will be entertained,
and our mandate will issue forthwith. 


 John T. Boyd

 Chief Justice


Do not publish. 



ouglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). An
attorney must be appointed by the state to represent an indigent defendant on the first
appeal. See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435, 108
S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988). In Texas, the trial court has been designated
to appoint the appellate attorney for an eligible indigent defendant. See Tex. Crim. Proc.
Code Ann. §§ 1.051(d)(1), 26.04(a). 

 These appeals are abated and the causes are remanded to the trial court. Upon
remand, the judge of the trial court is directed to cause notice to be given of and to conduct
a hearing to determine: (1) whether appellant desires to prosecute any or all of the
appeals; (2) if appellant desires to prosecute any or all of the appeals, then whether
appellant is indigent; (3) if appellant is indigent and desires to prosecute any or all of the
appeals, whether counsel should be appointed for appeal; and (4) what orders, if any,
should be entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeals if appellant does not desire to prosecute any of the appeals, or, if
appellant desires to prosecute any of the appeals, to assure that the appeals will be
diligently pursued. If the trial court determines that counsel should be appointed for any
or all of the appeals, the trial court should cause the clerk of this court to be furnished the
name, address, and State Bar of Texas identification number of the appointed attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record of the hearing; and (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the reporter's record of the hearing. In the absence of a
request for extension of time from the trial court, the supplemental clerk's record, reporter's
record of the hearing, and any additional proceeding records, including any orders, findings
conclusions and recommendations, are to be sent so as to be received by the clerk of this
court not later than August 29, 2003. 

 Per Curiam


Do not publish.